NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

XIU YAN CHEN,

          Petitioner,

  v.

ERIC H. HOLDER Jr., Attorney General,

          Respondent.

No. 05-73068

Agency No. A096-188-822

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2009[**]
Pasadena, California

Before: REINHARDT, TROTT and WARDLAW, Circuit Judges.

    Xiu Yan Chen, a native and citizen of China, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") affirming the

determinations of an immigration judge ("IJ") denying Chen's applications for

asylum, withholding of removal, and protection under the Convention Against

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and deny the petition.

Substantial evidence in the record supports the IJ's adverse credibility finding with respect to Chen. Chen failed to mention in her asylum application that her mother had been arrested during the raid on an underground church that Chen claimed was the catalyst for her flight from China. She then relied on her mother's alleged arrest and subsequent imprisonment, which she mentioned for the first time in her testimony before the IJ, as a principal basis for her claim for asylum, withholding of removal, and CAT protection.

An adverse credibility determination by an IJ may not be based on minor inconsistencies that do not go to the heart of an asylum applicant's claim. *See Li v. Holder*, 559 F.3d 1096, 1103 (9th Cir. 2009); *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir. 2003). Here, however, Chen presented a "last minute uncorroborated story" concerning "a dramatic, pivotal event" during the hearing before the IJ that she had omitted from her previously filed asylum application. *See Alverez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003). This court must uphold an IJ's adverse-credibility finding "so long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the petitioner's] claim of persecution." *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004). In this case, the

IJ's determination that Chen's testimony was not credible because of the significant omission from her asylum application of any information about her mother's alleged arrest and imprisonment was supported by reasonable, substantial and probative evidence in the record, and a reasonable adjudicator would not be "compelled to conclude to the contrary."  8 U.S.C. § 1252(b0(40(B); *Lopez v. Ashcroft*, 366 F.3d 799, 802 (9th Cir. 2004).

Chen has failed to assert a credible claim of past persecution on account of religion, and has failed to provide credible evidence indicating any likelihood of future persecution because of her religious beliefs and practices, if she were to be removed to China.  *See* 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1231(b)(3) The BIA's decision that Chen is ineligible for asylum, withholding of removal, or CAT protection is supported by substantial evidence in the record.  We therefore deny her petition.

**DENIED.**

3